**Bart Alan BALES, Appellant–
Petitioner,**

**v.**

**Sharon Lynn BALES, Appellee–
Respondent.**

No. 46A05–0306–CV–279.

Court of Appeals of Indiana.

Jan. 12, 2004.

Rehearing Denied March 11, 2004.

Gregory K. Blanford, The Blanford Law Office, South Bend, IN, Attorney for Appellant.

Mark Lienhoop, Newby, Lewis, Kaminski & Jones, LLP, La Porte, IN, Attorney for Appellee.

## OPINION

KIRSCH, Judge.

Bart Alan Bales (Father) appeals the trial court's denial of his motion to correct errors, which asked the court to reconsider its decision to abate Sharon Lynn Bales's (Mother) child support obligation for the support of the parties' child, C.B. We restate the issue as whether the trial court erred when it abated Mother's child support obligation because C.B. had repudiated his relationship with Mother.

We reverse.

## FACTS AND PROCEDURAL HISTORY

In March 1984, Mother and Father divorced. Four months later, in July 1984, the parties' one child, C.B., was born. The dissolution decree granted Father custody of C.B., and the trial court later ordered Mother to pay child support to Father.

In May 2000, Father filed a motion for rule to show cause in which he alleged Mother was in contempt for failure to pay child support. Following two hearings, the court ruled in September 2001 that Mother was in contempt for delinquent child support and that Father was in contempt for violation of a visitation order.[1] At that point, the relationship between Mother and Father was "antagonistic and

---

1. Pursuant to Father's motion to correct errors, the court subsequently determined that Father was not in contempt.

hostile." *Appellant's Appendix* at 19. Moreover, there was virtually no communication between C.B. and Mother, and visitation was nonexistent. In an attempt to "reestablish a viable mother/son relationship," the court ordered the parties to participate in bi-monthly counseling with Nancy H. Link, a clinical psychologist, and it directed Dr. Link to provide reports to the court every three months. *Appellant's Appendix* at 20.

In November 2002, Mother filed a petition to modify the dissolution decree, asking the court to terminate her support obligation on the basis that C.B. was emancipated, or, alternatively, that C.B. had repudiated his relationship with Mother such that she no longer was obligated to support him. In January 2003, after a hearing, the court issued an order abating Mother's obligation to pay child support effective November 8, 2002. In so doing, the court relied in part on a December 13, 2001 report it had received from Dr. Link that indicated Father and C.B. had not been compliant in counseling. Specifically, the order stated, "both the husband and son have been non-compliant and remain un-compliant with this Court's orders for counseling" and that it was "obvious from the evidence presented that the parties' son has repudiated any relationship with his mother[.]" *Appellant's Appendix* at 2.

Father filed a motion to correct errors, arguing that the trial court erred in considering Dr. Link's letter to the court, which Father maintains he never saw before the hearings on Mother's petition to modify. The trial court denied Father's motion, and he now appeals.[2]

## DISCUSSION AND DECISION

A trial court has discretion to grant or deny a motion to correct error, and we reverse its decision only for an abuse of that discretion. *In re Marriage of Dean*, 787 N.E.2d 445, 447 (Ind.Ct.App. 2003), *trans. denied.* An abuse of discretion has occurred if the trial court's decision is against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law. *Id.*

Consistent with that standard of review, decisions regarding child support likewise are generally reviewed for an abuse of discretion. *See Gilbert v. Gilbert*, 777 N.E.2d 785, 790 (Ind.Ct.App.2002) (absent abuse of discretion or a determination that is contrary to law, court on appeal will not disturb a trial court's order modifying child support). In reviewing orders modifying child support, we consider only the evidence and reasonable inferences favorable to the judgment. *Id.*

Here, Mother alleged in her petition to modify child support that C.B. was either emancipated or, alternatively, had repudiated a relationship with her to the extent that she should be relieved of her obligation to pay child support. As the trial court properly observed, because Mother did not present any evidence to support the allegation that C.B. was self-supporting, emancipation was not an available mechanism to modify or terminate

2. In seeking reversal, Father's brief focuses primarily on the appropriateness of the trial court's reliance on Dr. Link's December 2001 letter to the court, which Father maintains he never saw or knew about. Because resolution of this matter is not necessary for our disposition, we do not address it. We note, however, that IC 31–17–2–10 allows a court to seek professional advice in custody matters and states that the advice "shall be given in writing and made available by the court to counsel *upon request*" and permits counsel to "call for cross-examination any professional personnel consulted by the court." (Emphasis added.)

Mother's child support obligation. *See Cure v. Cure,* 767 N.E.2d 997, 1001 (Ind. Ct.App.2002) (emancipation of child cannot be presumed and must be established by competent evidence). The trial court determined, however, that C.B.'s repudiation of any relationship with Mother terminated her obligation to pay child support. We disagree.

■ Indiana law recognizes that a child's repudiation of a parent, that is a complete refusal to participate in a relationship with his or her parent, under certain circumstances will obviate a parent's obligation to pay certain expenses, including college expenses. *See McKay v. McKay,* 644 N.E.2d 164, 168 (Ind.Ct.App. 1994) (twenty-year-old son's repudiation of father-son relationship relieved father of responsibility to pay son's college expenses). However, no case has extended that release of a parent's financial responsibility to the payment of child support, and, under the current law, it cannot.

■ Payment of child support is not the legal equivalent of contributing to a child's college expenses. While there is statutory authority for a dissolution court to order either or both parents to pay sums toward their child's college education, there is no absolute duty on the part of parents to provide a college education for their children. *Id.* at 166. *See also* IC 31–16–6–2 (permits child support order to include amounts for educational expenses).

■ In contrast, parents have a common law duty to support their children. *Matter of S.T.,* 621 N.E.2d 371, 373 (Ind. Ct.App.1993). This duty exists apart from any court order or statute. *Id.* A parent's obligation to pay child support generally continues until the child reaches twenty-one years of age. *Cure,* 767 N.E.2d at 1001 (quoting *Lea v. Lea,* 691 N.E.2d 1214, 1215 (Ind.1998) (" '[A] parent's child sup-

port obligation terminates when a child is emancipated or reaches age 21, except in certain circumstances.' ")). Specifically, IC 31–16–6–6(a) provides in pertinent part:

The duty to support a child under this chapter ceases when the child becomes twenty-one (21) years of age unless any of the following conditions occurs:

(1) The child is emancipated before becoming twenty-one (21) years of age. In this case the child support, except for the educational needs outlined in section 2(a)(1) of this chapter, terminates at the time of emancipation, although an order for educational needs may continue in effect until further order of the court.

(2) The child is incapacitated. In this case the child support continues during the incapacity or until further order of the court.

(3) The child:

(A) is at least eighteen (18) years of age;

(B) has not attended a secondary or postsecondary school for the prior four (4) months and is not enrolled in a secondary or postsecondary school; and

(C) is or is capable of supporting himself or herself through employment.

Here, C.B. is neither emancipated nor incapacitated. Consequently, under Indiana law, Mother's duty to pay child support continues, regardless of the lack of contact, communication, or emotional connection between her and C.B. *See McKay v. McKay,* 671 N.E.2d 194, 199 (Ind.Ct.App. 1996), *trans. denied* (1997) (because eighteen-year-old son was not emancipated, father was required to continue paying child support for son, although son had failed or refused to maintain any contact or relationship with father). Absent statutory authority, which only the legislature can

provide, repudiation is not an acceptable justification to abate support payments for a child less than twenty-one years of age. We are thus obligated to hold that the trial court's decision to abate Mother's support obligation was contrary to law.

Reversed.[3]

BAILEY, J., and VAIDIK, J., concur.

---

**3.** We remind Father and C.B. of their continuing obligation to comply with the trial court's orders.