## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 30 2017, 6:33 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Monty K. Woolsey
Andrew R. Bloch
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Donna Jameson
Greenwood, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

C.Z.,

*Appellant-Defendant,*

v.

J.Z.,

*Appellee-Plaintiff*

August 30, 2017

Court of Appeals Case No.
41A04-1611-DR-2456

Appeal from the Johnson County Circuit Court

The Honorable K. Mark Lloyd, Judge

Trial Court Cause No.
41C01-1404-DR-245

**Altice, Judge.**

## Case Summary

[1] C.Z. (Father) appeals the child custody order entered following the dissolution of his marriage to J.Z. (Mother). On appeal, Father raises the following issues:

1.  Did the trial court abuse its discretion in awarding primary physical custody to Mother?

2.  Did the trial court err in finding that Ind. Code § 31-17-2.2-1 (the Relocation Statute) did not apply?

Mother cross appeals, raising the following issue:

3.  Did the trial court abuse its discretion in awarding joint legal custody?

We affirm.

**Facts & Procedural History**

Mother and Father were married in 2010, and their daughter, C.Z. (Child), was born in 2012. Father is a physician and Mother is a licensed speech and language pathologist. During the marriage, the parties lived in Greenwood, Indiana. In April 2014, when Child was one and a half years old, Mother filed a petition for dissolution of marriage, and Mother and Child moved out of the marital residence and into an apartment in Greenwood.

The trial court entered a preliminary order on June 23, 2014, pursuant to which Mother was awarded temporary primary physical custody and Father was awarded parenting time. On December 16, 2014, the trial court entered a partial decree of dissolution, but noted that issues relating to child custody remained open.

[5] On June 10, 2015, Mother filed a Notice of Intent to Relocate, in which she indicated a desire to move with Child to Columbus, Indiana, which is approximately thirty miles away from Mother's Greenwood apartment. Mother had lived in Columbus prior to the marriage and Mother's twin sister and her family continued to reside there. Mother had accepted a promotion to the position of Program Director at one of her employer's campuses in Columbus. The position came with a significant pay increase and Mother's work week was increased from thirty to forty hours. Mother and Child continued to reside at Mother's apartment in Greenwood pending the trial court's final custody order, but Mother indicated that her employer would require her to move to Columbus if she wished to keep her new position. There were no similar positions available to Mother in Greenwood. Father objected to Mother's proposed relocation.

[6] A final hearing on all pending matters concluded on March 28, 2016. On July 28, 2016, the trial court entered its supplemental decree of dissolution, in which it awarded primary physical custody to Mother and ordered the parties to share joint legal custody. In its findings, the trial court noted that it was "not convinced" that the Relocation Statute applied to initial custody determinations like the one at issue here, but nevertheless found that Mother had a good faith reason for relocating and that relocation was in Child's best interest and would have a minimal impact on parenting time. *Appellant's Appendix Vol. 2* at 14. Father filed a motion to correct error, which was denied after a hearing. Father now appeals. Additional facts will be provided as necessary.

## Discussion & Decision

[7] Where, as here, a trial court enters special findings and conclusions *sua sponte*, the specific findings and conclusions control only as to the issues they cover, while a general judgment standard applies to any issue upon which the trial court has not made findings. *Tew v. Tew*, 924 N.E.2d 1262, 1264 (Ind. Ct. App. 2010), *trans. denied*. We review the trial court's specific findings and conclusions using a two-tiered standard of review: first, we consider whether the evidence supports the findings, and second, whether the findings support the judgment. *Id.* at 1264-65. We will set aside the trial court's findings and conclusions only if they are clearly erroneous, that is, if the record contains no facts or inferences supporting them. *Id.* at 1265. We will affirm a general judgment on any theory supported by the evidence presented. *Id.* In reviewing the findings and judgment, we will neither reweigh the evidence nor judge the credibility of witnesses, and we will consider only the evidence most favorable to the ruling. *Id.*

[8] Furthermore, "there is a well-established preference in Indiana 'for granting latitude and deference to our trial judges in family law matters.'" *Steele-Giri v. Steele*, 51 N.E.3d 119, 124 (Ind. 2016) (quoting *In re Marriage of Richardson*, 622 N.E.2d 178, 178 (Ind. 1993)). As our Supreme Court has explained:

> Appellate deference to the determinations of our trial court judges, especially in domestic relations matters, is warranted because of their unique, direct interactions with the parties face-to-face, often over an extended period of time. Thus enabled to assess credibility and character through both factual testimony

and intuitive discernment, our trial judges are in a superior position to ascertain information and apply common sense, particularly in the determination of the best interests of the involved children.

*Best v. Best*, 941 N.E.2d 499, 502 (Ind. 2011). It is not enough on appeal that the evidence might support some other conclusion; rather, the evidence must positively require the result sought by the appellant. *D.C. v. J.A.C.*, 977 N.E.2d 951, 957 (Ind. 2012). Accordingly, we will not substitute our own judgment if any evidence or legitimate inferences support the trial court's judgment. *Id.*

### 1. Physical Custody

Father argues that the trial court's decision to award primary physical custody to Mother was an abuse of discretion. In an initial custody determination, both parents are presumed equally entitled to custody, and "[t]he court shall determine custody and enter a custody order in accordance with the best interests of the child." I.C. § 31-17-2-8. *See also Kondamuri v. Kondamuri*, 852 N.E.2d 939, 945 (Ind. Ct. App. 2006). In determining the child's best interests, the trial court must consider all relevant factors, including specifically the following:

> (1) The age and sex of the child.

> (2) The wishes of the child's parent or parents.

> (3) The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.

(4) The interaction and interrelationship of the child with:

> (A) the child's parent or parents;

> (B) the child's sibling; and

> (C) any other person who may significantly affect the child's best interests.

(5) The child's adjustment to the child's:

> (A) home;

> (B) school; and

> (C) community.

(6) The mental and physical health of all individuals involved.

(7) Evidence of a pattern of domestic or family violence by either parent.

(8) Evidence that the child has been cared for by a de facto custodian . . . .

The trial court's decisions on child custody are reviewed only for an abuse of discretion. *Sabo v. Sabo*, 858 N.E.2d 1064, 1068 (Ind. Ct. App. 2006).

[10] Father concedes that the trial court's findings are supported by the evidence, but argues that the findings do not support the trial court's decision to award

Mother primary physical custody. According to Father, the findings and record compel a conclusion that he should have been awarded primary physical custody or, "at a minimum," an award of joint physical custody. *Appellant's Brief* at 22. Father's arguments are nothing more than a request to reweigh the evidence and substitute our judgment for that of the trial court, which we will not do.[1]

[11] The trial court noted that Mother believed Father was a "good dad[.]" *Appellant's Appendix* at 13. The court found further that Father "either does not feel the same about [Mother's] parenting or is unwilling to acknowledge the same" and that "[i]n either case, [Father's] actions during the proceedings make his perspective suspect[.]" *Id.* The court found that Father had "repeatedly demonstrated his unwillingness and/or inability to cooperate with decision making through co-parenting" and that "[d]uring the provisional period and throughout numerous texts and emails with [Mother] regarding parenting time with [Child], [Father] remain[ed] argumentative and abrasive." *Id.* at 12. The trial court further found that although Mother would ask for Father's participation and input regarding the parenting-time schedule, Father would not contribute his thoughts or preferences in a meaningful manner. The court also noted that Father claimed to be concerned for Child's safety in Mother's care,

---

[1] Father's arguments rely in large part on disputed evidence unfavorable to the trial court's ruling, which we will not consider. Father also misstates the record by asserting that Mother relocated during the pendency of the custody proceedings. The record clearly establishes that Mother continued to reside at her Greenwood apartment pending the trial court's ruling.

but found those concerns to be "largely unsupported by the evidence or grossly exaggerated." *Id.*

[12] These findings support a conclusion that if Father had been awarded primary physical custody, he would have been unlikely to effectively co-parent with Mother and facilitate her relationship with Child. The trial court found that Mother, on the other hand, had continued to attempt to work with Father to facilitate his parenting time with Child despite his abrasive attitude and lack of cooperation. Indeed, the record shows that Mother has exhibited commendable flexibility and willingness to accommodate Father's irregular work schedule, and she has allowed him more time with Child than required by the Indiana Parenting Time Guidelines. These findings are sufficient to support the trial court's conclusion that awarding primary physical custody to Mother was in Child's best interests.

## 2. Relocation

[13] Father next argues that the trial court erred as a matter of law by concluding that the Relocation Statute was inapplicable to this case. Father has mischaracterized the trial court's order. Although the trial court expressed doubt as to whether the Relocation Statute applied, it nevertheless found that application of the Relocation Statute did not alter its ultimate custody decision. Specifically, the trial court found as follows:

> The Court notes that it is not convinced that the Relocation Statute . . . applies in these circumstances. As there has, until now, been no final custody order, it would appear that the

pertinent analysis is under the factors set forth in I.C. 31-17-2-8. However, in this instance the conclusion of the analysis under both statutes is the same as there is certainly a good faith reason for [Mother] to relocate back to Columbus and such a relocation is certainly in the child's best interest, with minimal impact to parenting time.

*Appellant's Appendix Vol. 2* at 14. *See* I.C. § 31-17-2.2-5 (providing that if a relocating parent satisfies his or her burden of proving that the proposed relocation is made in good faith and for a legitimate reason, the burden shifts to the nonrelocating parent to prove that the proposed relocation is not in the child's best interest); I.C. § 31-17-2.2-1(b) (providing that a court considering a relocation petition should consider, among other things, the distance involved, the hardship and expense for the nonrelocating parent to exercise parenting time, and the feasibility of preserving the relationship between the nonrelocating parent and child through suitable parenting time).

[14] Thus, contrary to Father's arguments on appeal, the trial court clearly considered the Relocation Statute and performed the necessary analysis. The trial court was not, as Father seems to suggest, required to make specific findings on each of the factors set forth in the Relocation Statute. *See H.H. v. A.A.*, 3 N.E.3d 30, 36 (Ind. Ct. App. 2014) (explaining that when considering a request to relocate, "while the trial court is to consider all relevant factors, [it] is not necessarily required to make specific findings on each factor unless requested to do so by the parties"). Father makes no attempt to challenge the trial court's findings that Mother's proposed relocation was made in good faith

and for a legitimate purpose or its finding that the relocation was in Child's best interests, and we conclude that both findings were clearly supported by the evidence. The trial court's ruling on Mother's petition to relocate was not an abuse of discretion.

### 3. Joint Legal Custody

[15] On cross-appeal, Mother argues that the trial court abused its discretion in awarding joint legal custody. I.C. § 31-17-2-13 provides that a court may award joint legal custody if doing so is in the best interest of the child. In determining whether an award of joint legal custody would be in the child's best interest, the court must "consider it a matter of primary, but not determinative, importance that the persons awarded joint custody have agreed to an award of joint legal custody." I.C. § 31-17-2-15. The court must also consider the following factors:

> (1) the fitness and suitability of each of the persons awarded joint custody;
>
> (2) whether the persons awarded joint custody are willing and able to communicate and cooperate in advancing the child's welfare;
>
> (3) the wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age;
>
> (4) whether the child has established a close and beneficial relationship with both of the persons awarded joint custody;

(5) whether the persons awarded joint custody:

> (A) live in close proximity to each other; and

> (B) plan to continue to do so; and

(6) the nature of the physical and emotional environment in the home of each of the persons awarded joint custody.

*Id.*

[16] In this case, the trial court noted that the parties had not agreed to joint legal custody, but found that all other factors weighed in favor of an award of joint legal custody. On appeal, Mother argues that an award of joint custody was an abuse of discretion because the parties have been unable to communicate effectively concerning Child's upbringing. We must reject this invitation to reweigh the evidence. Although the record plainly indicates that Mother and Father do not get along, they nevertheless managed to communicate effectively enough throughout the provisional period when it came to Child. Accordingly, we cannot conclude that the trial court's decision to award joint legal custody was an abuse of discretion.

[17] Judgment affirmed.

[18] Baker, J. and Bailey, J., concur.